JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE F. RUIZ, | ) | NO. CV 09-0797 SJO (VBKx) |
| | ) | |
| Plaintiff, | ) | **ORDER REMANDING CASE TO STATE** |
| | ) | **COURT FOR LACK OF SUBJECT MATTER** |
| v. | ) | **JURISDICTION** |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Union Pacific Railroad Company ("Union Pacific") and Darrell Henry's ("Henry") (collectively, "Defendants") Notice of Removal of Action, filed February 2, 2009. Because Defendants' Notice of Removal fails to meet their burden to show that this Court has subject matter jurisdiction,[1] the Court REMANDS the action to the Superior Court of the State of California for the County of Los Angeles.

I. BACKGROUND

---

[1] The Court is aware that Ruiz recently filed a Motion for Remand on the grounds that Defendants' Notice of Removal of Action was not filed within the thirty-day requirement of 28 U.S.C. § 1446. (*See* Pl. Jose F. Ruiz's Motion for Remand.) However, because "[t]he statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional" and the Court has found other defects in the removal showing that the Court does not have subject matter jurisdiction, the Court declines to address this issue and instead remands on jurisdictional grounds. *See Fristoe v. Reynolds Metal Co., et al.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (internal citations omitted).

Plaintiff Jose F. Ruiz ("Ruiz") worked as a machinest for Union Pacific, performing inspections of locomotives, from February 21, 2006 until he was terminated on February 22, 2008. (*See* Compl. ¶¶ 5, 11.) On January 20, 2008, Henry, the foreman at the Union Pacific facility at which Ruiz was working, asked Ruiz to sign a maintenance inspection sheet representing that certain modifications had been performed on a locomotive so that the locomotive could be released. (*See* Compl. ¶ 3–9.) Ruiz refused to sign the document because the modifications had not been performed. (*See* Compl. ¶¶ 7–9.) Despite Henry's insistence that Ruiz sign for the modifications, Ruiz continually refused to do so. (*See* Compl. ¶¶ 9.) Ruiz alleges that his subsequent termination on February 22, 2008 was a result of his refusal to sign the maintenance inspection sheet. (*See* Compl. ¶¶ 4, 11.)

On December 8, 2008, Ruiz filed this lawsuit in the Superior Court for the County of Los Angeles, alleging various causes of action under California state law, including wrongful termination in violation of public policy, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. (*See generally* Compl.) On February 2, 2009, Defendants removed the action to this Court on the basis of both federal question jurisdiction, asserting that the action "is in whole or in part preempted by the Federal Railroad Safety Act, 49 U.S.C. § 20101, et seq., Railway Labor Act, 45 U.S.C. § 151, et seq.," and diversity jurisdiction. (*See* Notice Removal Action ¶ 5.)

II. DISCUSSION

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Id.* (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

    A. <u>Defendants Fail to Establish that Federal Question Jurisdiction Exists Based on Federal Preemption</u>

Defendants' Notice of Removal of Action asserts that this Court has subject matter jurisdiction over this action based on federal question jurisdiction, asserting that the action is preempted by the Federal Railroad Safety Act ("FRSA") and the Railway Labor Act ("RLA"). (*See* Notice Removal Action ¶ 5.)  28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27–28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal citation omitted).

Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, to a state-law claim. *See Caterpillar Inc., et al. v. Williams, et al.*, 482 U.S. 386, 393 (1987) (internal citation omitted); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002). There is, however, an exception to this general rule, known as the "complete preemption doctrine." *Caterpillar Inc., et al.*, 482 U.S. at 393 (internal citation omitted); *see Botsford*, 314 F.3d at 393. The "complete preemption doctrine" provides that if "federal law completely preempts a plaintiff's state-law claim . . ., any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Botsford*, 314 F.3d at 393 (internal citation and quotations omitted); *see Caterpillar Inc., et al.*, 482 U.S. at 393 (internal citation omitted). Under Ninth Circuit precedent, in order to completely preempt state-law causes of action, "federal law must both: (1) conflict with state law (conflict preemption) and (2) provide remedies that displace state[-]law remedies (displacement)." *Botsford*, 314 F.3d at 393 (internal citations omitted).

    1. <u>Ruiz's Claims Are Not Completely Preempted by the Federal Railroad Safety Act</u>

In this case, Defendants have failed meet their burden to show that Ruiz's state-law claims are preempted by the FRSA. Not only have Defendants failed to point to any conflict between the FRSA and Ruiz's state-law claims,[2] but also the FRSA does not provide remedies that displace state-law remedies. *See Botsford*, 314 F.3d at 393 (internal citations omitted). "Displacement preemption requires that there be some federal remedy for the [plaintiff] that displaces state[-]law remedies." *Sullivan v. BNSF Railway Co.*, 447 F. Supp. 2d 1092, 1098 (D. Ariz. Aug. 17, 2006) (citing *Botsford*, 314 F.3d at 397); *see Botsford*, 314 F.3d at 397–99. In cases where the Supreme Court has found complete preemption, "the federal statute[] at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank v. Anderson, et al.*, 539 U.S. 1, 8 (2003); *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003) (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8). The FRSA, however, contains "no express or implied cause of action authorizing suit by a private individual." *Nippon Yusen Kaisha v. Union Pacific R.R. Co.*, No. CV 04-8861-GAF (Rzx), 2005 WL 1241866, at *1 (C.D. Cal. May 10, 2005); *see Sullivan*, 447 F. Supp. 2d at 1098 (citing *Nippon Yusen Kaisha*, 2005 WL 1241866, at *1). Rather, the FRSA specifically vests the power to enforce its standards with the Secretary of Transportation. *See* 49 U.S.C. § 20111; *Nippon Yusen Kaisha*, 2005 WL 1241866, at *2 (internal citation omitted). Furthermore, although the FRSA permits an employee discharged for refusal to assist in the violation of any federal law relating to railroad safety to file a complaint with the Secretary of Labor, the Act specifically provides that it is not to be construed "to diminish the rights, privileges, or remedies of any employee under any Federal or State law . . . ." *See* 49 U.S.C. § 20109(a), (d), (h). As a result

---

[2] Although Defendants have not attempted to show preemption, case law establishes that it is difficult to establish FRSA preemption. "FRSA preemption is even more disfavored than preemption generally." *S. Pacific Transp. Co. v. Pub. Util. Comm'n*, 9 F.3d 807, 813 (9th Cir. 1993) (internal citation omitted). As the Supreme Court has held, "to prevail on the claim that the [FSA] regulations [promulgated pursuant to the FRSA] have preemptive effect, [defendant] must establish more than that they 'touch upon' or 'relate to' that subject matter . . . . *[P]reemption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law.*" *Union Pacific R.R. Co. v. Cal. Pub. Util. Comm'n*, 346 F.3d 851, 864–65 (9th Cir. 2003) (internal citation omitted); *S. Pacific Transp. Co. v. Pub. Util. Comm'n*, 9 F.3d 807, 812 (9th Cir. 1993) (internal citation omitted).

of the lack of a federal cause of action for private individuals in the FRSA, which explicitly states that it is not intended to diminish an employee's state-law rights, the FRSA does not displace Ruiz's state-law claims.

As such, Defendants fail to establish that the FRSA satisfies both prongs of the Ninth Circuit's complete preemption standard with regard to Ruiz's causes of action. *See Botsford*, 314 F.3d at 393.

        2.      <u>Ruiz's Claims Are Not Completely Preempted by the Railway Labor Act</u>

Defendants also claim that Ruiz's state-law causes of action are preempted by the RLA. (*See* Notice Removal Action ¶ 5.) "Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) (internal citations omitted). As such, "the RLA establishes a mandatory arbitral mechanism for [the] settlement of two class of disputes," major disputes and minor disputes. *Id.* The Supreme Court has explained that the preemption standard for state-law actions relating to the RLA is that "a state-law cause of action is not pre[]empted by the RLA if it involves rights and obligations that exist independent of the [collective bargaining agreement] . . . ." *Id.* at 260.

Here, Ruiz's state-law claims are not preempted by the RLA. Ruiz causes of action allege that Defendants had an "obligation not to fire [Ruiz] in violation of public policy or in retaliation for whistle-blowing" without regard to any provision of a collective bargaining agreement with Union Pacific. *See id.* at 258; *see generally* Compl. In fact, Ruiz's complaint never mentions a collective bargaining agreement, relying exclusively on Union Pacific's obligations under federal and state law. (*See generally* Compl.) Because Ruiz's state-law actions involve "rights and obligations that exist independent of" any collective bargaining agreement, they are not preempted by the RLA. *See Hawaiian Airlines, Inc.*, 512 U.S. at 258, 260. Given that there is no conflict between Ruiz's state-law claims and the RLA, the RLA does not completely preempt the state-law claims and, thus, the claims do not "arise under" federal law. *See Botsford*, 314 F.3d at 393 (internal citations omitted).

1  Accordingly, the Court finds that it does not have subject matter jurisdiction over this action
2  pursuant to federal question jurisdiction.

3    B. <u>Defendants Fail to Establish that Diversity Jurisdiction Exists</u>

4  In addition to alleging federal question jurisdiction, Defendants' Notice of Removal of Action
5  also states, without evidence, that the action is removable to federal court "pursuant to 28 U.S.C.
6  § 1441(b) based on diversity of citizenship."  (Notice Removal Action ¶ 5.)  For a removal based
7  on diversity jurisdiction, the removing party has the burden of showing that "the matter in
8  controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C.
9  § 1332(a).  If it is not facially evident from the complaint that more than $75,000 is in controversy,
10 the removing party must prove, by a preponderance of the evidence, that the amount in
11 controversy meets the jurisdictional threshold.  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117
12 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.
13 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)).  The
14 removing party cannot rely on a statement that on its "information and belief" the amount in
15 controversy exceeds the jurisdictional amount.  *Id.*  Rather, to discharge its burden, the removing
16 party must provide evidence establishing that it "is more likely than not" that the amount in
17 controversy exceeds $75,000.  *Id.*

18 In the instant case, the Complaint is silent as to the precise amount of damages being
19 sought.  (*See generally* Compl.)  Given that the Complaint does not specify an amount in
20 controversy and Defendants' Notice of Removal of Action fails to point to any evidence that the
21 amount in controversy exceeds $75,000, Defendants fail to meet their burden of proving by a
22 preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.
23 *See Valdez*, 372 F.3d at 1117.

24 Accordingly, the Court finds that it does not have subject matter jurisdiction over this action
25 pursuant to diversity jurisdiction.

26
27
28

III. <u>RULING</u>

For the foregoing reasons, the Court REMANDS this action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.

Dated this 10th day of March, 2009.

_S. James Otero_
_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

